UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAY A. LEWIS,

          Plaintiff,

  v.

RENCY HILBERT, et al.,

          Defendants.

CASE NO. 3:23-cv-05539-RSL-BAT

**REPORT AND RECOMMENDATION FOR PARTIAL DISMISSAL**

      On June 14, 2023, Plaintiff, Ray A. Lewis, a detainee at Stafford Creek Correctional Center submitted a complaint seeking § 1983 relief naming as Defendants Rency Hilbert, Assistant Food Service Manager, Ronald Attard, Food Service Manager, Jeffery Adams, Chaplain, and Jason Bennett, Superintendent. Plaintiff alleges on April 5, 2023, Defendants denied him participation in a Passover Meal in violation of the Religious Land Use and Institutional Person Act (RLUIPA). Plaintiff requested the Court to declare Defendants violated his rights under the First Amendment and the RLUIPA and imposed monetary damages against each Defendant.

      The Court directed Plaintiff to file an amended complaint by July 5, 2023 and Plaintiff submitted an amended complaint on July 6, 2023, naming the same Defendants listed in the original complaint, adding a "John Doe" Defendant and dropping the RLUIPA claim. Dkt. 6.

REPORT AND RECOMMENDATION FOR
PARTIAL DISMISSAL - 1

The Court having reviewed the amended complaint recommends: (1) claims against Defendants Chaplain Jeffrey Adams, ARNP Boudrieau, Ronald Attard, and Superintendent Jason Bennet be dismissed; and (3) the amended complaint be served upon Defendant Rency Hilbert, limited to the claim that Defendant Hilbert violated Plaintiff's right to free exercise under the First Amendment in regard to the Passover Meal on April 5, 2023.

## DISCUSSION

**A.     The Amended Complaint and Background**

On June 21, 2023, Plaintiff submitted a two count § 1983 complaint. Count I alleges Rency Hilbert, Robert Attard, Jeffrey Adams, and Jason Bennett violated Plaintiff's First Amendment right to free exercise of religion by denying him "participation in Passover." In specific, Plaintiff alleges that on April 5, 2023, he was denied participation in "the Passover meal" and ordered to return to his unit by Defendant Hilbert. On April 6, 2023, Plaintiff alleges he contacted Chaplain Adams "who refused to determine if the medical diet was valid." Plaintiff alleges ARNP Boudrieau reviewed his medical records on April 13, 2023, and "could not fund were a therapeutic diet was requested." Plaintiff alleges "Ronald Attard is the Food Service Manager who supervises Rency Hilbert. Jason Bennett is the superintendent of this institution which makes him ultimately responsible for its operations."

In Count II, Plaintiff alleges Defendants Hilbert, Attard, Adams and Bennett denied Plaintiff participation in Passover in violation of the RLUIPA. In support, Plaintiff again alleges Defendant Hilbert denied Plaintiff a Passover Meal on April 5, 2023 and ordered him back to his unit; On April 6, 2023, Chaplain Adams refused to determine if a "medical diet was valid"; and on April 14, 2023, ARNP Boudrieau could not find in Plaintiff's records where a therapeutic diet was requested. Plaintiff realleges "Ronald Attard is the Food Service Manager who supervises

Rency Hilbert. Jason Bennett is the superintendent of this institution which makes him ultimately responsible for its operations."

As relief, Plaintiff requested the Court enter declaratory judgment that Plaintiff's rights under the RLUIPA and First Amendment were violated, and that the Court award hm punitive damages.

On June 21, 2023, the Court ordered Plaintiff to file an amended complaint no later than **July 5, 2023**, because RLUIPA permits injunctive relief but does not allow for recovery of the monetary damages Plaintiff sought and because the complaint did not set forth any facts that injunctive relief should be granted.

On June 6, 2025, Plaintiff filed a one count amended complaint, alleging the same Defendants named in the original complaint violated his First Amendment rights to free exercise of religion. In the amended complaint, Plaintiff essentially repeats the allegations Plaintiff raised in Count I of the original complaint. The amended complaint again alleges Rency Hilbert, Robert Attard, Jeffrey Adams, and Jason Bennett violated Plaintiff's First Amendment right to free exercise of religion by denying him "participation in Passover." Plaintiff again alleges that on April 5, 2023, he was denied participation in "the Passover meal" and ordered to return to his unit by Defendant Hilbert. On April 6, 2023, Plaintiff alleges he contacted Chaplain Adams "who refused to determine if the medical diet was valid." Plaintiff alleges ARNP Boudrieau reviewed his medical records on April 13, 2023, and "could not fund were a therapeutic diet was requested."  Plaintiff alleges "Ronald Attard is the Food Service Manager who supervises Rency Hilbert. Jason Bennett is the superintendent of this institution which makes him ultimately responsible for its operations."

.

B.   **Legal Standards**

   *1.   First Amendment Claim*

Plaintiff's amended complaint seeks § 1983 relief on the grounds Defendants violated his First Amendment right to free exercise of religion.

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

Under these standards, the amended complaint may proceed only against Defendant Hilbert. The complaint alleges on April 5, 2023, Plaintiff was denied participation in "the Passover meal" and ordered to return to his unit by Defendant Hilbert. While the amended

complaint is vague about whether Defendant Hilbert denied Plaintiff the Passover Meal, the Court gives the *pro se* amended complaint the benefit of the doubt and concludes it sets forth just enough to permit the complaint to go forward against Defendant Hilbert..

However, the Court finds the amended complaint fails to state a First Amendment claim for deprivation of religious rights as to the remaining Defendants. Plaintiff presents no facts showing Chaplain Adams and ARNP Boudrieau violated his First Amendment rights to free exercise of religion. The amended complaint alleges Plaintiff's rights were violated on April 5, 2023.  Plaintiff alleges he contacted Chaplain Adams on April 6, 2023, and the Chaplain "refused to determine if the medical diet was valid."   There is nothing showing Chaplain Adams had any involvement in the events on April 5, 2023, and the contact on April 6, 2023, between Plaintiff and the Chaplain did not involve religious rights.

Similarly, Plaintiff alleges ARNP Boudrieau reviewed his medical records on April 13, 2023, and "could not fund where a therapeutic diet was requested." By the time Plaintiff contacted ARNP Boudrieau, Passover had ended, and thus the allegations against the ARNP have nothing to do with infringement of Plaintiff's free exercise of religion.

Plaintiff's First Amendment rights to free exercise of religion should accordingly be dismissed as to Defendants Adams and Boudrieau.

The claims against Defendants Attard and Bennett should also be dismissed because the allegations against them hinge entirely upon their supervisory status. "Plaintiff alleges "Ronald Attard is the Food Service Manager who supervises Rency Hilbert. Jason Bennett is the superintendent of this institution which makes him ultimately responsible for its operations."  As noted above, under *Monell*, a defendant cannot be held liable solely on the basis of supervisory responsibility or position. As the complaint fails to set forth any facts that Defendants Attard and

Bennet own conduct violated the Plaintiff's First Amendment rights to free exercise of religion, the claims against these Defendants should be dismissed.

For the foregoing reasons the Court recommends:

(1) With the exception of Defendant Hilbert, all claims against all Defendants should be DISMISSED.

(2) The referral to the Magistrate Judge in this matter should not be terminated. If this recommendation is accepted, the undersigned Magistrate Judge will direct service upon the sole remaining Defendant, Rency Hilbert, limited to the claim that Defendant Hilbert violated Plaintiff's First Amendment rights to free expression of religion by denying Plaintiff a Passover meal on April 3, 2023.

(3) The Clerk shall provide a copy of this recommendation to Plaintiff.

(4) This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections, however, may be filed no later than **July 25, 2023**. The Clerk should note the matter for **July 28, 2023** as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 7th day of July, 2023

　　　　　　　　　　　　　　　　　BRIAN A. TSUCHIDA
　　　　　　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION FOR
PARTIAL DISMISSAL - 6